**FREEPORT SULPHUR COMPANY**

v.

**UNITED STATES.**

No. 220–54.

United States Court of Claims.

April 15, 1959.

JONES, Chief Judge.

This case comes before the court on plaintiff's motion, filed August 13, 1958, for rehearing and amendment of judgment, together with defendant's response thereto filed March 3, 1959. Upon consideration thereof,

It is ordered this fifteenth day of April, 1959, that plaintiff's motion for rehearing and amendment of judgment be and the same is denied, and

It is further ordered on the basis of the presentations made in plaintiff's motion and defendant's response thereto that the following addendum by Judge Littleton (Ret.) be and the same shall be made a part of the decision of July 16, 1958, by being inserted following the opinion of the court:

Addendum

The plaintiff on August 13, 1958, moved for a rehearing urging that in the court's opinion of July 16, 1958, it failed to take into consideration the fact that the $16,797.84 collected by the Republic of Cuba on the first distribution made to plaintiff in September 1947 was a foreign tax on income paid by the plaintiff, was allowable as a foreign tax credit, and that plaintiff was therefore entitled to a judgment reflecting such foreign tax credit. As pointed out on page 3 of the slip opinion of July 16, 1958, the Commissioner of Internal Revenue did not allow the amount in question as a foreign tax credit but did reduce the capital gain which he determined plaintiff had realized on the two 1947 distributions by the amount of the Cuban dividend tax actually withheld from the first distribution made to the plaintiff. We are of the opinion that plaintiff is correct in its contention that the Commissioner erred in his treatment of the Cuban taxes paid by the plaintiff on the first distribution and that plaintiff was entitled to a foreign tax credit of $16,-797.84, less the $4,199.46 by which the Commissioner of Internal Revenue reduced the plaintiff's capital gains tax, plus a refund of $2,601.31 in interest paid by the plaintiff. The interest in question is that portion of the aggregate interest collected ($10,909.05) that the deficiency of $12,598.38 bears to the entire deficiency of $52,833.60 assessed and collected.

On March 3, 1959, defendant filed its response to plaintiff's motion stating that on February 27, 1959, subsequent to the filing of plaintiff's motion for rehearing, the District Director of Internal Revenue, District of Lower Manhattan, New York, pursuant to the authority of the Assistant Attorney General and the Commissioner of Internal Revenue, made al-

lowance of plaintiff's claim for refund as described in plaintiff's motion for rehearing in the amount of $15,199.69, plus accrued statutory interest of $6,808.-33. Payment of the refund was scheduled for February 27, 1959, and accordingly the issue presented by plaintiff's motion for rehearing and amendment of the judgment has become moot. In view of that payment it is unnecessary to amend the conclusion of law, and plaintiff's motion was therefore denied by order on April 15, 1959, but it has been thought advisable to indicate the court's agreement with plaintiff's position on this matter which was not disposed of in the opinion of July 16, 1958, 163 F.Supp. 648.